**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEYOND PESTICIDES, | |
| *Plaintiff,* | |
| v. | Civil Action No. 20-1815 (TJK) |
| EXXON MOBIL CORPORATION, | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

Plaintiff Beyond Pesticides filed this lawsuit in the Superior Court of the District of

Columbia, asserting claims under the D.C. Consumer Protection Procedures Act for false and

misleading advertising.  After Defendant Exxon Mobil removed the case, Beyond Pesticides

moved to remand and for costs and expenses.  For the reasons explained below, the Court will

grant Beyond Pesticides' motion to remand for lack of subject-matter jurisdiction but deny its

request for fees and costs.

**I.      Background**

In May 2020, Beyond Pesticides filed this lawsuit against Exxon Mobil Corporation

("Exxon Mobil") in the Superior Court of the District of Columbia, asserting claims under the

District of Columbia Consumer Protection Procedures Act (DCCPPA), specifically D.C. Code

§ 28-3905(k)(1)(A) and (D).  ECF No. 1-4 ("Compl.") ¶¶ 150–53.  Beyond Pesticides alleges

that Exxon Mobil's advertising relating to its investments in alternative energy is false and

misleading because it overstates how much of Exxon Mobil's business is devoted to clean

energy.  *See, e.g., id.* ¶¶ 10–12.  Beyond Pesticides seeks a declaration that Exxon Mobil's

conduct violates the DCCPPA, an order enjoining such conduct, and attorneys' fees, costs, and

prejudgment interest.  *Id.* at 26.  Not long after, Exxon Mobil removed the case to this Court

based on both diversity jurisdiction and the Class Action Fairness Act ("CAFA").  ECF No. 1

¶¶ 7, 24.  Beyond Pesticides then moved to remand and for fees and costs.  ECF No. 10.

## II.   Legal Standard

"A civil action filed in state court may only be removed to a United States district court if

the case could originally have been brought in federal court."  *Nat'l Consumers League v.*

*Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)).

Because removal implicates "significant federalism concerns," a court must "strictly construe[]

the scope of its removal jurisdiction."  *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28,

30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)).

"When it appears that a district court lacks subject matter jurisdiction over a case that has been

removed from a state court, the district court must remand the case . . . ."  *Republic of Venezuela*

*v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)–(d)).  "The

party seeking removal of an action bears the burden of proving that jurisdiction exists in federal

court."  *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 56 (D.D.C.

2017) (quoting *Downey*, 568 F. Supp. 2d at 30).

## III.   Analysis

Exxon Mobil argues that subject-matter jurisdiction is proper under either (1) the federal

diversity jurisdiction statute or (2) a "class action" provision under CAFA.  The Court disagrees

on both counts.

### A.   Diversity Jurisdiction

District courts have jurisdiction over an action if complete diversity exists among the

parties and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332(a).  Beyond

Pesticides does not dispute that the parties are in complete diversity, *see* ECF No. 1 ¶¶ 11–12; Compl. ¶¶ 125, 134, but contends that more than $75,000 is not at issue.  In response, Exxon Mobil argues that the amount-in-controversy requirement is satisfied based on the total cost of compliance with the requested injunction—*i.e.,* the cost of correcting advertising or investing more capital in alternative energy—as well as the attorneys' fees that Beyond Pesticides seeks. ECF No. 11 at 6–18.

The problem for Exxon Mobil is that total cost of its compliance is not a proper measure of the amount in controversy because it would violate the non-aggregation principle.  Under that rule, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Animal Legal Defense Fund*, 249 F. Supp. 3d at 59–60 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).  And in suits brought under D.C. Code § 28-3905(k)(1), like this one, courts in this District have consistently applied the non-aggregation principle to hold that, if a purported amount in controversy is calculated by reference to a defendant's cost of compliance with an injunction, the total cost of compliance must be divided by the number of the injunction's beneficiaries.  *See, e.g.*, *Animal Legal Defense Fund*, 249 F. Supp. 3d at 60; *Breathe DC v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105–07 (D.D.C. 2008).  Exxon Mobil does not try to do so. Instead, it cites its total alleged cost of compliance and argues that the non-aggregation principle does not apply because of an exception for cases in which "two or more plaintiffs unite to enforce a single title or right in which they have a common interest." ECF No. 11 at 9 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).  But whatever its applicability in other contexts, no court in this District has ever applied that exception to permit circumvention of the non-

aggregation principle in a case brought by a single plaintiff involving the type of claims and

relief at issue here.  *See* ECF No. 10-1 at 3–4.

Exxon Mobil also contends that the attorneys' fees sought by Beyond Pesticides satisfy

the amount in controversy requirement, but this argument comes up short too.  Courts in this

District have also applied the non-aggregation principle to attorneys' fees.  *See, e.g.*, *Nat'l*

*Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010); *Breakman*, 545

F. Supp. 2d at 107.  As with its cost-of-compliance estimate, Exxon Mobil does not try to

calculate Beyond Pesticides' attorneys' fees on a pro rata basis.[1]

Undeterred, Exxon Mobil argues that aggregation is warranted because it will incur the

same cost no matter how many plaintiffs assert claims.  ECF No. 11 at 11–15.  But another court

in this District has already persuasively rejected this very argument.  In *Animal Legal Defense*

*Fund*, the court explained that "[t]he key question courts consider with respect to aggregation is

not whether an injunction would cost Defendant more or less depending on the number of

beneficiaries, but instead whether Plaintiff and the members of the general public have separate

and distinct claims that could be brought independently against Defendant with respect to the

challenged conduct."  249 F. Supp. 3d at 61–62.  There, as here, a nonprofit organization

challenged certain advertising on behalf of consumers—each of whom has a separate claim.  In

other words, "this is not a case where no member of the 'general public' could enforce the right

at issue in the absence of others."  *Breathe DC*, 232 F. Supp. 3d at 171.  Accordingly, the non-

aggregation principle still applies.  Because Exxon Mobil has provided no estimate showing that

---

[1] Even if the non-aggregation principle did not apply, Exxon Mobil's bald claim that, at lead
counsel's $700-an-hour rate, "the amount in controversy will exceed $75,000 so long as [lead
counsel] *alone* bills just 110 hours to this complex litigation," ECF No.1 ¶ 21, is too speculative
to meet its burden.  *See, e.g.*, *Animal Legal Defense Fund*, 249 F. Supp. 3d at 63.

its pro rata cost of compliance would exceed $75,000, it has not met its burden to prove the required amount in controversy. Thus, it has not shown that this Court possesses diversity jurisdiction.

### B.     CAFA Jurisdiction

Exxon Mobil also argues that removal is appropriate under a CAFA provision that extends federal jurisdiction to certain class actions. 28 U.S.C. § 1332(d)(2). Under this provision, "federal courts have original jurisdiction over cases where minimal diversity is satisfied (that is, where at least one plaintiff is diverse from at least one defendant), the number of putative class members is greater than one hundred, and the total amount in controversy as to all plaintiffs is greater than $5 million." *Nat'l Consumers League*, 36 F. Supp. 3d at 34. The statute defines "class actions" as any "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).

Beyond Pesticides makes no allegations in its complaint about a potential class and did not bring its action under Superior Court Rule of Civil Procedure 23. And as it argues, courts in this District have consistently—and persuasively—concluded that suits on behalf of consumers brought under the DCCPPA, including under § 28-3905(k)(1)(D), are "private attorney general suits" and not class actions as defined by CAFA, in cases "where [a] plaintiff has not brought a 'class action' under D.C. Superior Court Rule 23." *Nat'l Consumers League*, 36 F. Supp. 3d at 35–36 ("Absent the 'hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification,' courts have held that private attorney general statutes 'lack the equivalency to Rule 23 that CAFA demands.'"); *Animal Legal Defense Fund*, 249 F. Supp. 3d at 64 ("This D.C. Code section does not require

class proceedings and is a 'separate and distinct procedural vehicle from a class action,' to which

CAFA does not apply." (quoting *Breakman*, 545 F. Supp. 2d at 101)).  Exxon Mobil cites no

authority to the contrary.  For these reasons, this suit is not a class action under CAFA, and the

Court lacks jurisdiction under that statute as well.[2]

### C.     Fees and Costs

Beyond Pesticides seeks "just costs and any actual expenses, including attorney fees,

incurred as a result of the removal."  ECF No. 10-1 at 11 (quoting 28 U.S.C. § 1447).  "A court

may award such fees if the removing party lacks 'an objectively reasonable basis for seeking

removal.'"  *Breathe DC*, 232 F. Supp. 3d at 172 (quoting *Martin v. Franklin Cap. Corp.*, 546

U.S. 132, 141 (2005)).  The Court cannot say that Exxon Mobil's conduct meets that standard,

given the lack of binding precedent on the issues presented, and so it will decline to order fees

and costs.[3]

---

[2] The District of Columbia Court of Appeals has carved out an exception to this rule for suits for
*damages* under D.C. Code § 28-3905(k)(1), which it concluded are "in essence . . . class
action[s]."  *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 982 (D.C. 2015).  But here, Beyond
Pesticides does not seek damages, only declaratory and injunctive relief.  *See Animal Legal
Defense Fund*, 249 F. Supp. 3d at 64–65 ("The concerns raised by . . . *Rotunda* related to suits
for damages, not for the type of injunctive relief sought here . . . ." (citing *Rotunda*, 123 A.3d at
985, 988–89)).

[3] Beyond Pesticides points to one DCCPPA case presenting similar removal questions when the
court awarded expenses.  ECF No. 10-1 at 11.  But there, defendants also made other arguments
the court characterized as "inappropriate" and "obviously unpersuasive," including a baseless
claim of unethical conduct against opposing counsel, and the District of Columbia Court of
Appeals had not yet decided *Rotunda*.  *Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d
69, 71 n.1 (D.D.C. 2011).

## IV.     Conclusion and Order

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's Motion to Remand, ECF No. 10, is **GRANTED.**  Because the Court lacks subject-matter jurisdiction, this case is **REMANDED** to the Superior Court of the District of Columbia.  The Court declines to award fees or costs.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 22, 2021

7